Official Form 417A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| ORION HEALTHCORP, INC. *et al.*, | Chapter 11 |
| Debtors. | Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | |
| Plaintiff, | Adv. Proc. No. 20-08049 (AST) |
| v. | |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | |
| Defendants. | |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): Arvind Walia and Niknim Management Inc.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
- Plaintiff
- ■ Defendants
- Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
- Debtor
- Creditor
- Trustee
- Other (describe)_____

### Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

*ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION AND DENYING DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC. CROSSMOTION*

*FOR SUMMARY JUDGMENT; RULING ON EVIDENTIARY OBJECTIONS; AND ESTABLISHING FACTS AS ADMITTED IN THE CASE PURSUANT TO FRCP 56(g)* [Docket No. 97].

2. State the date on which the judgment—or the appealable order or decree—was entered: April 23, 2024.

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
|---|---|
| 1. Plaintiff | Jeffery P. Nolan, Esq. **PACHULSKI STANG ZIEHL & JONES LLP** 780 Third Avenue, 34th Floor New York, NY 10017 Phone: (310) 772.2313 Email: jnolan@pszjlaw.com |
| 2. Defendants | Sanford P. Rosen, Esq. **ROSEN & ASSOCIATES, P.C.** PO Box 1274 Shelter Island Heights, NY 11965 Phone: (212) 223-1100 Email: srosen@rosenpc.com Eugene R. Scheiman, Esq. **LAW OFFICS OF EUGENE R. SCHEIMAN, PLLC** 570 Lexington Avenue New York, NY 10022 Phone: (646) 280-9000 Email: eugene.scheiman@sheimanlaw.com |

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather

than by the Bankruptcy Appellate Panel.

**5: Sign below**

Rosen & Associates, P.C.

By: */s/ Sanford P. Rosen*

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

## CERTIFICATE OF SERVICE

     I certify that on May 2, 2024, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record.

/s/ *Sanford P. Rosen*
    Sanford P. Rosen

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207–8 | User: admin | Date Created: 5/3/2024 |
| Case: 8–20–08049–ast | Form ID: pdf000 | Total: 12 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| aty | Eugene Ronald Scheiman | eugene.scheiman@scheimanlaw.com |
| aty | Ilan D Scharf | ischarf@pszyjw.com |
| aty | Jeffrey P Nolan | jnolan@pszjlaw.com |
| aty | Sanford P Rosen | srosen@rosenpc.com |

TOTAL: 4

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | | |
|---|---|---|---|---|---|
| aty | Jeffrey Norlan | Pachulski Stang Ziehl & Jones LLP | 780 Third Avenue | 34th Floor | New York, NY 10017 |
| ust | United States Trustee | Long Island Federal Courthouse | 560 Federal Plaza – Room 560 | Central Islip, NY 11722–4437 USA | |
| 10128404 | Arvind Walia | C/O The Law Office of Eugene R. Scheiman | 570 Lexington Avenue, Suite 1600 | New York, New York 10022 | |
| 10128481 | Eugene R. Scheiman | The Law Office of Eugene R. Scheiman | 570 Lexington Avenue, Suite 1600 | 646–280–9000 | Eugene.scheiman@scheimanlaw.com |
| 10129400 | Eugene R. Scheiman | The Law Office of Eugene R. Scheiman | 570 Lexington Avenue Suite 1600 | New York, N.Y. 10022 | eugene.scheiman@scheimanlaw.com | 646–280–9000 |
| 10129405 | Niknim Management Inc. | C/O The Law Office of Eugene R. Scheiman | 570 Lexington Avenue, Suite 1600 | New York, New York 10022 | |
| | Sanford P. Rosen, Esq. | ROSEN & ASSOCIATES, P.C. | PO Box 1274 | Shelter Island Heights, NY 11965 | |
| | Eugene R. Scheiman, Esq. | LAW OFFICS OF EUGENE R. SCHEIMAN, PLLC | 570 Lexington Avenue | New York, NY 10022 | |

TOTAL: 8

Official Form 417A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| ORION HEALTHCORP, INC. *et al.*, | Chapter 11 |
| Debtors. | Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | |
| Plaintiff, | Adv. Proc. No. 20-08049 (AST) |
| v. | |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | |
| Defendants. | |

### AMENDED NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): Arvind Walia and Niknim Management Inc.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
- Plaintiff
- ■ Defendants
- Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
- Debtor
- Creditor
- Trustee
- Other (describe)_____

**Part 2: Identify the subject of this appeal**

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

*ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION AND DENYING DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC. CROSSMOTION*

*FOR SUMMARY JUDGMENT; RULING ON EVIDENTIARY OBJECTIONS; AND ESTABLISHING FACTS AS ADMITTED IN THE CASE PURSUANT TO FRCP 56(g)* [Docket No. 97], a copy of which is attached hereto.

2. State the date on which the judgment—or the appealable order or decree—was entered: April 23, 2024.

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
| --- | --- |
| 1. Plaintiff | Jeffery P. Nolan, Esq.<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Phone: (310) 772.2313<br>Email: jnolan@pszjlaw.com |
| 2. Defendants | Sanford P. Rosen, Esq.<br>**ROSEN & ASSOCIATES, P.C.**<br>PO Box 1274<br>Shelter Island Heights, NY 11965<br>Phone: (212) 223-1100<br>Email: srosen@rosenpc.com<br><br>Eugene R. Scheiman, Esq.<br>**LAW OFFICS OF EUGENE R. SCHEIMAN, PLLC**<br>570 Lexington Avenue<br>New York, NY 10022<br>Phone: (646) 280-9000<br>Email: eugene.scheiman@sheimanlaw.com |

### Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather

than by the Bankruptcy Appellate Panel.

**5: Sign below**

Rosen & Associates, P.C.

By:  */s/ Sanford P. Rosen*

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

## CERTIFICATE OF SERVICE

I certify that on May 2, 2024, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record.

/s/ *Sanford P. Rosen*
    Sanford P. Rosen

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al*.,<br><br>                     Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS<br>CAPACITY AS LIQUIDATING TRUSTEE OF<br>ORION HEALTHCORP, INC., ET AL.,<br><br>                   Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT<br>INC.,<br><br>                 Defendants. | Adv. Proc. No. 20-08049 (AST) |

**ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT/SUMMARY ADJUDICATION AND DENYING
DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC. CROSS-
MOTION FOR SUMMARY JUDGMENT; RULING ON EVIDENTIARY
OBJECTIONS; AND ESTABLISHING FACTS AS ADMITTED IN THE CASE
<u>PURSUANT TO FRCP 56(g)</u>**

The Court, having considered the *Motion for Summary Judgment, or in the Alternative
Summary Adjudication as Against Defendants Arvind Walia; Niknim Management Inc.,* [Docket
No. 53] as filed by Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of
Orion Healthcorp, Inc., *et al*. (the "**<u>Plaintiff</u>**") and the accompanying *Joint Statement of
Uncontroverted Facts; Plaintiff's Statement of Additional Uncontroverted Facts in Support of
Motion for Summary Judgment or in the Alternative Summary Adjudication* [Docket No. 54]*;
Affidavit of Jeff Nolan in Support of Plaintiff's Motion for Summary Judgment* [Docket No. 55]*;
Affidavit of Edith Wong in Support of Plaintiff's Motion for Summary Judgment* [Docket No. 56]*;
Affidavit of Frank Lazzara in Support of Plaintiff's Motion for Summary Judgment* [Docket No.
57]*;Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment* [Docket

No. 58]; and accompanying papers (collectively "the **Motion**") [Docket No. 53][1] seeking entry of judgment against Defendants Arvind Walia and Niknim Management, Inc.   (the "**Defendants**"); and all replies, objections and other pleadings relating thereto [Docket Nos. 60, 64-69, 71, 72, 73]; and the Court, having considered the Defendants *Motion for Partial Summary Judgment Dismissing Asserted in the Complaint Under 11 USC §544* and the pleadings related thereto  [Docket No. 51] and all replies, objections and other pleadings thereto [Docket Nos. 52, 61-62, 70] (collectively "the **Cross-Motion**")*;* and the Court after due deliberation thereon; and as set forth in the record at the April 10, 2024  Ruling Conference (the "**Ruling Hearing**"); and sufficient cause appearing therefor; and the Court having made certain legal and factual findings as set forth in the record of the Ruling Hearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The portion of the Motion to avoid the First Transfer made on April 15, 2016 in the amount of $2,500,000 is denied with respect to Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, and Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a,  as a factual issue remains to be determined at trial  as stated in particular on the record at the Ruling Hearing.

2. The portion of the Motion to avoid the Second Transfer made on June 23, 2017, in the amount of $1,520,000 is granted as against Defendant Niknim Management, Inc., as to Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, and Second

---

[1] Capitalized terms used but not defined herein shall have the meanings and definitions ascribed to them in the Motion.

2

Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, as Plaintiff has carried his burden and no further issue of fact or law remains.  As to Defendant Arvind Walia, the Motion <u>is denied</u> as to the Second Transfer, as a factual issue remains to be determined at trial as stated in particular on the record at the Ruling Hearing.

3.       For purposes of the Motion, Plaintiff has failed to establish that, as a matter of law, judgment awarded in favor of Plaintiff should be rendered against Defendants jointly and severally on the theory of alter ego liability.  In that regard, that portion of the Motion <u>is denied</u>.

4.       The Cross-Motion is denied for the reasons set forth on the record at the Ruling Hearing.

5.       Pursuant to Fed R. Civ. Proc. 56(g) and as set forth on the record of the Ruling Hearing, certain facts are established for trial as undisputed facts established in the case.

6.       The Bankruptcy Court retains jurisdiction to enforce and implement the respective terms and provisions of this Order.

Dated: April 22, 2024
       Central Islip, New York

                                  Alan S. Trust
                         Chief United States Bankruptcy Judge

# Notice Recipients

| District/Off: 0207–8 | User: admin | Date Created: 5/3/2024 |
|---|---|---|
| Case: 8–20–08049–ast | Form ID: pdf000 | Total: 12 |

**Recipients of Notice of Electronic Filing:**

| aty | Eugene Ronald Scheiman | eugene.scheiman@scheimanlaw.com |
|---|---|---|
| aty | Ilan D Scharf | ischarf@pszyjw.com |
| aty | Jeffrey P Nolan | jnolan@pszjlaw.com |
| aty | Sanford P Rosen | srosen@rosenpc.com |

TOTAL: 4

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| aty | Jeffrey Norlan    Pachulski Stang Ziehl & Jones LLP    780 Third Avenue    34th Floor    New York, NY 10017 |
|---|---|
| ust | United States Trustee    Long Island Federal Courthouse    560 Federal Plaza – Room 560    Central Islip, NY 11722–4437 USA |
| 10129404 | Arvind Walia    C/O The Law Office of Eugene R. Scheiman    570 Lexington Avenue, Suite 1600    New York, New York 10022 |
| 10128481 | Eugene R. Scheiman    The Law Office of Eugene R. Scheiman    570 Lexington Avenue, Suite 1600    646–280–9000    Eugene.scheiman@scheimanlaw.com |
| 10129400 | Eugene R. Scheiman    The Law Office of Eugene R. Scheiman    570 Lexington Avenue Suite 1600    New York, N.Y. 10022    eugene.scheiman@scheimanlaw.com    646–280–9000 |
| 10129405 | Niknim Management Inc.    C/O The Law Office of Eugene R. Scheiman    570 Lexington Avenue, Suite 1600    New York, New York 10022 |
| | Sanford P. Rosen, Esq.    ROSEN & ASSOCIATES, P.C.    PO Box 1274    Shelter Island Heights, NY 11965 |
| | Eugene R. Scheiman, Esq.    LAW OFFICS OF EUGENE R. SCHEIMAN, PLLC    570 Lexington Avenue    New York, NY 10022 |

TOTAL: 8

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

## CIVIL COVER SHEET

This form is REQUIRED for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

IN RE: Bankruptcy Case No. **18-71748 (AST)** Adv. Pro. No. *(if applicable)* **20-08049 (AST)**

## Bankruptcy Appeal

| APPELLANTS | APPELLEES |
|---|---|
| ARVIND WALIA and NIKNIM MANAGEMENT INC. | HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL. |

| ATTORNEYS (FIRM NAME, ADDRESS, TEL. NO.) | ATTORNEYS (IF KNOWN) |
|---|---|
| Sanford P. Rosen, Esq. **ROSEN & ASSOCIATES, P.C.** PO Box 1274 Shelter Island Heights, NY 11965 Phone: (212) 223-1100 Email: srosen@rosenpc.com  Eugene R. Scheiman, Esq. **LAW OFFICS OF EUGENE R. SCHEIMAN, PLLC** 570 Lexington Avenue New York, NY 10022 Phone: (646) 280-9000 Email: eugene.scheiman@sheimanlaw.com | Jeffery P. Nolan, Esq. **PACHULSKI  STANG ZIEHL & JONES LLP** 780 Third Avenue, 34th Floor  New York, NY 10017 Phone: (310) 772.2313 Email: jnolan@pszjlaw.com |

BASIS OF JURISDICTION: Federal Question

CAUSE OF ACTION - 28:1334 Bankruptcy Appeal *(Write brief statement of cause.)*

Appellants appeal from so much of the *ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION AND DENYING DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC. CROSSMOTION FOR SUMMARY JUDGMENT; RULING ON EVIDENTIARY OBJECTIONS; AND ESTABLISHING FACTS AS ADMITTED IN THE CASEPURSUANT TO FRCP 56(g)* [Docket No. 97] that granted summary judgment in favor of plaintiff against defendant, NIKNIM MANAGEMENT INC.

NATURE OF SUIT: 422 Bankruptcy Appeal (801)

RELATED CASE(S) IN <u>DISTRICT COURT,</u> IF ANY

DISTRICT JUDGE _____ DOCKET NUMBER _____

*CIVIL CASES ARE DEEMED RELATED IF PENDING CASE INVOLVED:*

    *1. PROPERTY ' INCLUDED IN AN EARLIER NUMBERED PENDING SUIT*

    *2. SAME ISSUE OF FACT OR GROWS OUT OF THE SAME TRANSACTION*

    *3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT COPYRIGHT OR TRADEMARK*

Date: 05/03/2024               Signature of Attorney of Record: <u>/s/ Sanford P. Rosen</u>

                                   *(or Appellant Pro Se]*

***FOR COURT USE ONLY***

APPLYING IFP _____JUDGE _____ MAG. JUDGE _____

CIVIL COVER SHEET, Bankruptcy Appeal (cont'd)

Did the cause of action arise in Nassau or Suffolk County? <u>Yes</u>

If YES, please indicate which county: <u>Suffolk</u>

_____

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

**YES Yes**                                    NO

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

YES      (If yes, please explain)          NO **No**

_____

_____

_____

Please provide your bar code and e-mail address below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number, or any other four-digit number registered by the attorney with the Clerk of Court. This information must be provided pursuant to local rule 11.1(b) of the local civil rules,

Attorney Bar Code: 19-23079

E-Mail Address: srosen@rosenpc.com

USBC-84 [r.4/10/0311]

Official Form 417A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| ORION HEALTHCORP, INC. *et al.*, | Chapter 11 |
| Debtors. | Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | |
| Plaintiff, | Adv. Proc. No. 20-08049 (AST) |
| v. | |
| ARVIND WALIA; NIKNIM MANAGEMENT INC., | |
| Defendants. | |

## SECOND AMENDED NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): Arvind Walia and Niknim Management Inc.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   · Plaintiff
   ■ Defendants
   · Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   · Debtor
   · Creditor
   · Trustee
   · Other (describe)_____

### Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

   *ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION AND DENYING DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC. CROSSMOTION*

*FOR SUMMARY JUDGMENT; RULING ON EVIDENTIARY OBJECTIONS; AND ESTABLISHING FACTS AS ADMITTED IN THE CASE PURSUANT TO FRCP 56(g)* [Docket No. 97], a copy of which is attached hereto.

2. State the date on which the judgment—or the appealable order or decree—was entered: April 23, 2024.

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
|---|---|
| 1. Plaintiff:<br><br>HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL. | Jeffery P. Nolan, Esq.<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Phone: (310) 772.2313<br>Email: jnolan@pszjlaw.com |
| 2. Defendants:<br><br>ARVIND WALIA and NIKNIM MANAGEMENT INC. | Sanford P. Rosen, Esq.<br>**ROSEN & ASSOCIATES, P.C.**<br>PO Box 1274<br>Shelter Island Heights, NY 11965<br>Phone: (212) 223-1100<br>Email: srosen@rosenpc.com<br><br>Eugene R. Scheiman, Esq.<br>**LAW OFFICS OF EUGENE R. SCHEIMAN, PLLC**<br>570 Lexington Avenue<br>New York, NY 10022<br>Phone: (646) 280-9000<br>Email: eugene.scheiman@sheimanlaw.com |

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather

than by the Bankruptcy Appellate Panel.

**5: Sign below**

Rosen & Associates, P.C.

By:  */s/ Sanford P. Rosen*

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

## CERTIFICATE OF SERVICE

I certify that on May 2, 2024, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record.

/s/ *Sanford P. Rosen*
    Sanford P. Rosen

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>            Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>            Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>            Defendants. | Adv. Proc. No. 20-08049 (AST) |

**ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION AND DENYING DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC. CROSS-MOTION FOR SUMMARY JUDGMENT; RULING ON EVIDENTIARY OBJECTIONS; AND ESTABLISHING FACTS AS ADMITTED IN THE CASE PURSUANT TO FRCP 56(g)**

The Court, having considered the *Motion for Summary Judgment, or in the Alternative Summary Adjudication as Against Defendants Arvind Walia; Niknim Management Inc.,* [Docket No. 53] as filed by Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*. (the "**Plaintiff**") and the accompanying *Joint Statement of Uncontroverted Facts; Plaintiff's Statement of Additional Uncontroverted Facts in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication* [Docket No. 54]*; Affidavit of Jeff Nolan in Support of Plaintiff's Motion for Summary Judgment* [Docket No. 55]*; Affidavit of Edith Wong in Support of Plaintiff's Motion for Summary Judgment* [Docket No. 56]*; Affidavit of Frank Lazzara in Support of Plaintiff's Motion for Summary Judgment* [Docket No. 57]*;Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment* [Docket

No. 58]; and accompanying papers (collectively "the **Motion**") [Docket No. 53][1] seeking entry of judgment against Defendants Arvind Walia and Niknim Management, Inc.  (the "**Defendants**"); and all replies, objections and other pleadings relating thereto [Docket Nos. 60, 64-69, 71, 72, 73]; and the Court, having considered the Defendants *Motion for Partial Summary Judgment Dismissing Asserted in the Complaint Under 11 USC §544* and the pleadings related thereto  [Docket No. 51] and all replies, objections and other pleadings thereto [Docket Nos. 52, 61-62, 70] (collectively "the **Cross-Motion**")*;* and the Court after due deliberation thereon; and as set forth in the record at the April 10, 2024  Ruling Conference (the "**Ruling Hearing**"); and sufficient cause appearing therefor; and the Court having made certain legal and factual findings as set forth in the record of the Ruling Hearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      The portion of the Motion to avoid the First Transfer made on April 15, 2016 in the amount of $2,500,000 <u>is denied</u> with respect to Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, and Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a,  as a factual issue remains to be determined at trial  as stated in particular on the record at the Ruling Hearing.

2.      The portion of the Motion to avoid the Second Transfer made on June 23, 2017, in the amount of $1,520,000 <u>is granted</u> as against Defendant Niknim Management, Inc., as to Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, and Second

---

[1] Capitalized terms used but not defined herein shall have the meanings and definitions ascribed to them in the Motion.

Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, as Plaintiff has carried his burden and no further issue of fact or law remains.  As to Defendant Arvind Walia, the Motion <u>is denied</u> as to the Second Transfer, as a factual issue remains to be determined at trial as stated in particular on the record at the Ruling Hearing.

3.     For purposes of the Motion, Plaintiff has failed to establish that, as a matter of law, judgment awarded in favor of Plaintiff should be rendered against Defendants jointly and severally on the theory of alter ego liability.  In that regard, that portion of the Motion <u>is denied</u>.

4.     The Cross-Motion is denied for the reasons set forth on the record at the Ruling Hearing.

5.     Pursuant to Fed R. Civ. Proc. 56(g) and as set forth on the record of the Ruling Hearing, certain facts are established for trial as undisputed facts established in the case.

6.     The Bankruptcy Court retains jurisdiction to enforce and implement the respective terms and provisions of this Order.

Dated: April 22, 2024
      Central Islip, New York

                                                                       Alan S. Trust
                                                Chief United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al*.,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL.,<br><br>Plaintiff,<br>v.<br><br>ARVIND WALIA; NIKNIM MANAGEMENT INC.,<br><br>Defendants. | Adv. Proc. No. 20-08049 (AST) |

**DESIGNATION OF RECORD ON APPEAL AND
STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

Arvind Walia and Niknim Management Inc. designate the following items to be included in the record on appeal, pursuant to Appellant's Notice of Appeal dated May 2, 2024 (as amended), from the order of the United States Bankruptcy Court for the Eastern District of New York dated April 22, 2024, to the extent it granted summary judgment against Niknim Management Inc. and set forth the following as their designation of the record on appeal and statement of issues to be presented on appeal:

A. Designation of Record:

1. Amended Complaint and Exhibits [Docket 22]
2. Answer [Docket 23]
3. Defendants' Motion for Partial Summary Judgment and Exhibits [Docket 51]
4. Plaintiff's Motion for Summary Judgment [Docket 53]
5. Plaintiff's Statement of Undisputed Facts [Docket 54]
6. Affidavit of Jeffrey P. and Exhibits [Docket 55]
7. Affidavit of Edith Wong in Support of Plaintiff's Motion and Exhibits [Docket 56]
8. Affidavit of Frank Lazzara Support of Plaintiff's Motion and Exhibits [Docket 57]
9. Statement-Request for Judicial Notice Nolan in Support of Plaintiff's Motion and Exhibits [Docket 58]

10. Objection/Opposition to Defendants' Motion for Partial Summary Judgment [Docket 60]
11. Response-Plaintiff's Response to Defendants' Separate Statement of Facts [Docket 61]
12. Affidavit of Jeffrey P. Nolan in Opposition to Defendants' Motion and Exhibits [Docket 62]
13. Affidavit of Arvind Walia in Opposition to Plaintiff's Motion [Docket 64]
14. Brief in Opposition to Plaintiff's Motion [Docket 65]
15. Affirmation of Sanford P. Rosen in Opposition to Plaintiff's Motion [Docket 66]
16. Affidavit of Arvind Walia in Opposition to Plaintiff's Motion [Docket 67]
17. Memorandum of Law in Opposition to Plaintiff's Motion [Docket 68]
18. Affidavit of Sanford P. Rosen in Opposition to Plaintiff's Motion [Docket 69]
19. Reply of Defendants in Support of Motion [Docket 70]
20. Objection and Request to Strike the Affidavit of Arvind Walia in Support of Motion [Docket 71]
21. Reply Brief in Support of Plaintiff's Motion [Docket 72]
22. Affidavit of Jeffrey P. Nolan in Support of Plaintiff's Motion and Exhibits [Docket 73]
23. Defendants' Corrected Affidavit in Opposition to Plaintiff's Motion [Docket 84]
24. Affirmation of Sanford P. Rosen in Opposition to Plaintiff's Motion [Docket 85]
25. Transcript of Ruling Hearing of April 10, 2024
26. ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION AND DENYING DEFENDANTS ARVIND WALIA AND NIKNIM MANAGEMENT, INC. CROSSMOTION FOR SUMMARY JUDGMENT; RULING ON EVIDENTIARY OBJECTIONS; AND ESTABLISHING FACTS AS ADMITTED IN THE CASE PURSUANT TO FRCP 56(g) [Docket 97]
27. Notice of Appeal to District Court [Docket 99]
28. Amended Notice of Appeal to District Court [Docket 100]
29. Second Amended Notice of Appeal to District Court [Docket 106]
30. Civil Cover Sheet [Docket 105]

B. Issues on Appeal

1. Whether the Bankruptcy Court erred in granting summary judgement against Defendant-Appellant Niknim Management Inc., notwithstanding the existence of a genuine issue of material fact as to the reasonableness of

value received by the debtors because of their exclusive use of the software acquired under the Objectech Membership Purchase Agreement.

Dated: May 15, 2024

Respectfully Submitted,

ROSEN & ASSOCIATES, P.C.
*Counsel to Arvind Walia and*
    *Niknim Management Inc.*

By: /s/ Sanford P. Rosen
        Sanford P. Rosen
PO Box 1274
Shelter Island Heights, NY 11965
(212) 223-1100

LAW OFFICES OF EUGENE R. SCHEIMAN, PLLC
*Co-counsel to Arvind Walia and*
    *Niknim Management Inc.*
570 Lexington Avenue, Suite 1600
New York, NY 10022
(646) 280-9000

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 15, 2024, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record.

/s/ *Sanford P. Rosen*
    Sanford P. Rosen